IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01795-BNB

DOUGLAS WILSON,

    Applicant,

v.

SUSAN JONES, CSP Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 28 2011

GREGORY C. LANGHAM
                CLERK

## ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

Applicant, Douglas Wilson, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Wilson has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in El Paso County, Colorado, District Court case number 01CR3593. The court must construe the application liberally because Mr. Wilson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Wilson will be ordered to file an amended pleading if he wishes to pursue his claims in this action.

The court has reviewed the application and finds it is deficient because the application does not provide a clear statement of each claim Mr. Wilson is asserting. On the application form itself, Mr. Wilson identifies only three distinct claims for relief

and he provides further argument in support of these three claims in the voluminous attachments to the habeas corpus application form. The arguments in support of claims one (*see* Doc. #1 at 37-45), two (*see* Doc. #1 at 48-83), and three (*see* Doc. #1-2 at 1-2), clearly identify those individual claims. Mr. Wilson also identifies clearly a claim four in the attachments to the habeas corpus application form. (*See* Doc. #1-2 at 19-20.) It appears that Mr. Wilson may be asserting additional claims because he makes a reference to claims five through nine in the attachments. (*See* Doc. #1-3 at 18.) However, Mr. Wilson does not set forth any claims specifically labeled and identified as claims five through nine, and he does not provide a clear statement of each additional claim he may be asserting. Therefore, in order to avoid any possible confusion regarding the claims he is raising in this action, Mr. Wilson will be directed to file an amended pleading that indicates clearly each individual claim he is asserting in this action and that clearly identifies the specific facts that support each individual claim.

      Mr. Wilson is advised that, in order to assert a cognizable habeas corpus claim pursuant to § 2254, he must identify the specific federal constitutional right that allegedly has been violated because § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mr. Wilson also must provide specific factual allegations in support of each asserted claim. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Wilson must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See **Mayle v. Felix***, 545 U.S. 644, 655 (2005).

Naked allegations of constitutional violations are not cognizable in a habeas corpus action. See *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Wilson file an amended application that complies with this order **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that Mr. Wilson shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Wilson fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED July 28, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01795-BNB

Douglas Wilson
Prisoner No. 124554
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 28, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk