IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01795-BNB

DOUGLAS WILSON,

    Applicant,

v.

SUSAN JONES, CSP Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 11 2011

GREGORY C. LANGHAM
                CLERK

## ORDER

This matter is before the court on the document titled "Newly Discovered Evidence/Notice of Appeals in Objection to Copies Denial and Pre-Answer" (Doc. #21) filed by Applicant Douglas Wilson on October 3, 2011. The specific relief Mr. Wilson requests is "a copy of my complete record" and "that the herein be attached to the violation of my Sixth Amendment right to self defense representation." (Doc. #21 at 5.) The document has been docketed as a motion to reconsider the court's September 13 minute order denying Mr. Wilson's "Motion in Request for Copies and Copying Costs" because it appears, at least in part, that Mr. Wilson again is requesting a free copy of the amended application filed in this action on September 12, 2011.

Mr. Wilson is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Wilson initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his state court conviction. The original

application, including exhibits, was 314 pages long. On September 12, 2011, in response to a court order directing him to clarify the claims he is asserting in this action, Mr. Wilson filed an amended application for a writ of habeas corpus. The amended application, including exhibits, is 342 pages long.

Also on September 12, 2011, Mr. Wilson filed a "Motion in Request for Copies and Copying Costs" in which he alleged that prison officials would not photocopy the amended application and he asked the court to provide copies of the amended application for himself and Respondents at government expense. Before he filed the amended application, Mr. Wilson's original habeas corpus application was returned to him because he had failed to make and keep a copy of that pleading. At the same time the original application was returned, Mr. Wilson was advised to retain a copy of the amended application for his own records because the court's electronic filing system does not allow the Court to maintain paper copies. (*See* Doc. #7 at 5.) On September 13, 2011, the court entered a minute order denying the "Motion in Request for Copies and Copying Costs."

The liberally construed motion to reconsider filed on October 3 will be denied. Neither the court nor Respondents are required to provide Mr. Wilson with free copies for his own files of pleadings or any other papers he files in court. However, because Mr. Wilson alleges that he is unable to litigate this action without a copy of his amended application and that he will be prejudiced if he does not have a copy, and because the court still has a paper copy of the amended application, the court will return the paper copy to Mr. Wilson. Mr. Wilson again is advised that he should retain a copy of any papers he files in this action if he wishes to have a copy of those papers for his own

files. The court will not return any additional filings to him. Copies of filed documents can be obtained from the clerk of the court upon payment of any required fees.

Finally, as noted above, Mr. Wilson also asks "that the herein be attached to the violation of my Sixth Amendment right to self defense representation." (Doc. #21 at 5.) It is not clear what this request means, although it may be a request to amend one of Mr. Wilson's claims in the amended application. To the extent Mr. Wilson may be seeking leave to amend, the request will be denied without prejudice to the filing of a proper motion to amend that states clearly what claim or claims Mr. Wilson seeks to amend and that provides a clear statement of the amended claim or claims as required pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, it is

ORDERED that the liberally construed motion to reconsider (Doc. #21) filed on October 3, 2011, is denied for the reasons stated in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Applicant, together with a copy of this order, the paper copy of the amended application and attachments (Doc. ##14 & 14-1) filed in this action on September 12, 2011.

DATED October 11, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

3

Case 1:11-cv-01795-PAB   Document 22   Filed 10/11/11   USDC Colorado   Page 4 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01795-BNB

Douglas Wilson
Prisoner No. 124554
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 11, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk