IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01795-PAB

DOUGLAS WILSON,

     Applicant,

v.

SUSAN JONES, CSP Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

     Respondents.

---

## ORDER

---

     This matter is before the Court on the following motions filed *pro se* by Applicant

Douglas Wilson: a motion to reconsider [Docket No. 57]; a motion for a complete

certified copy of the prosecution's file in Mr. Wilson's criminal case [Docket No. 59]; a

motion to rule on all pending motions [Docket No. 61]; and a second motion to rule on

all pending motions [Docket No. 64].  The Court must construe the motions liberally

because Mr. Wilson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.  MOTION TO RECONSIDER

     The Court first will address the motion to reconsider [Docket No. 57].  Mr. Wilson

asks the Court to reconsider the Court's Order to Dismiss in Part [Docket No. 52], in

which the Court dismissed a number of Mr. Wilson's claims in this habeas corpus action

as unexhausted and procedurally barred.  The Court construes the motion to reconsider

liberally as "an interlocutory motion invoking the [Court's] general discretionary authority

to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991).  For the reasons stated below, the motion to reconsider will be denied.

Mr. Wilson argues that Respondents should not have been directed to file a Pre-Answer Response to raise affirmative defenses, that all of his claims are, in fact, exhausted, that his claims are not procedurally barred because the state court postconviction proceedings were conducted by ineffective counsel, that a failure to consider his claims will result in a fundamental miscarriage of justice, that he is entitled to an evidentiary hearing, that his claims have merit, and that he was not given time to respond to court orders.  These assertions do not persuade the Court to reconsider the Order to Dismiss in Part.

Mr. Wilson first contends that Respondents should not have been directed to file a Pre-Answer Response to raise affirmative defenses because the order directing Respondents to file a Pre-Answer Response constitutes legal advice to Respondents. This contention lacks merit.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, if an application for writ of habeas corpus is not dismissed summarily, a district court "must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  This rule authorizes the Court to direct Respondents to file a Pre-Answer Response that raises affirmative defenses.

Mr. Wilson next argues that all of his claims are exhausted.  He specifically references motions he filed in the Colorado Court of Appeals on direct appeal on February 18, 2008 and March 5, 2008, as well as a *pro se* petition for writ of certiorari

he filed in the Colorado Supreme Court on August 15, 2011.  For the reasons discussed in the Order to Dismiss in Part, the motions Mr. Wilson filed in the Colorado Court of Appeals in connection with his direct appeal, which were filed after his direct appeal already had been decided on February 14, 2008, do not satisfy the fair presentation requirement.  Because the Court did not determine any of Mr. Wilson's claims were unexhausted based solely on a failure to present those claims to the Colorado Supreme Court in the state court postconviction proceedings, the *pro se* petition for writ of certiorari Mr. Wilson filed in the Colorado Supreme Court on August 15, 2011 also does not demonstrate that any additional claims are exhausted.

Mr. Wilson's argument that his claims are not procedurally barred because the state court postconviction proceedings were conducted by ineffective counsel was addressed by the Court in the Order to Dismiss in Part.  Mr. Wilson provides no argument in the motion to reconsider to persuade the Court otherwise.  The Court also finds that Mr. Wilson cannot establish cause based on the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).  In *Martinez*, the Supreme Court held the following:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320.

The Supreme Court's decision in *Martinez* does not alter the Court's conclusion that Mr. Wilson's ineffective assistance of counsel claims are unexhausted and

3

procedurally barred.  For one thing, Mr. Wilson's vague and conclusory assertion that

the state court postconviction proceedings were conducted by ineffective counsel is not

sufficient to demonstrate that postconviction counsel failed to raise a substantial claim

that trial counsel was ineffective.  Furthermore, while it is clear that Mr. Wilson believes

postconviction *appellate* counsel failed to raise various claims, and assuming Mr.

Wilson is arguing that the claims postconviction appellate counsel failed to raise

included one or more substantial claims that trial counsel was ineffective, the Supreme

Court's holding in *Martinez* does not apply to any alleged ineffectiveness by

postconviction appellate counsel.  The Supreme Court held in a case prior to *Martinez*

that an attorney's errors on appeal from an initial-review collateral proceeding do not

qualify as cause for a procedural default.  *See Coleman v. Thompson*, 501 U.S. 722,

757 (1991).  In *Martinez*, the Supreme Court reaffirmed this holding of *Coleman*:

> The rule of *Coleman* governs in all but the limited circumstances
> recognized here.  The holding in this case does not concern attorney
> errors in other kinds of proceedings, *including appeals from initial-review
> collateral proceedings*, second or successive collateral proceedings, and
> petitions for discretionary review in a State's appellate courts.  It does not
> extend to attorney errors in any proceeding beyond the first occasion the
> State allows a prisoner to raise a claim of ineffective assistance at trial,
> even though that initial-review collateral proceeding may be deficient for
> other reasons.

*Martinez*, 132 S. Ct. at 1320 (emphasis added, citation omitted).  Therefore, Mr. Wilson

cannot demonstrate cause based on the alleged ineffectiveness of postconviction

appellate counsel.

Mr. Wilson's argument that a failure to consider his claims will result in a

fundamental miscarriage of justice also lacks merit because, as explained in the Order

4

to Dismiss in Part, he fails to present any new reliable evidence that demonstrates he is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Mr. Wilson's arguments that he is entitled to an evidentiary hearing and that his claims have merit do not demonstrate that the claims the Court dismissed actually are exhausted or are not procedurally barred.

The Court also rejects Mr. Wilson's argument that he was not given time to respond to court orders. Mr. Wilson does not specify the orders to which he allegedly was not given time to respond. However, the record demonstrates that Mr. Wilson was given time to respond to the affirmative defenses raised by Respondents in their Pre-Answer Response, which were the only issues the Court considered and addressed in the Order to Dismiss in Part. In fact, because there was a period of time during which Mr. Wilson did not have access to the amended application he had filed and because he alleged that the lack of access prejudiced him in responding to Respondents' Pre-Answer Response, he was given additional time to file a supplement to his original reply. *See* Docket No. 39. The fact that Mr. Wilson did not file a supplement to his original reply does not demonstrate that he lacked the opportunity or sufficient time to do so.

## II. MOTION FOR PROSECUTION'S FILE

The Court next will address Applicant's motion for a complete certified copy of the prosecution's file in Mr. Wilson's criminal case [Docket No. 59]. Mr. Wilson alleges that the discovery he seeks is the "'hard paper copy' maintained at the El Paso County District Attorney's Office." Docket No. 59 at 1. In support of this request, he asserts in conclusory fashion that this material contains evidence that would support his claims

5

and prove his innocence and that he will be prejudiced in proving his claims without

access to this material.  Mr. Wilson's vague and conclusory arguments do not

demonstrate that he needs or is entitled to the files he seeks.  Therefore, the motion will

be denied.

## III.  MOTIONS TO RULE ON PENDING MOTIONS

Mr. Wilson's motions to rule on all pending motions [Docket Nos. 61 and 64] will

be denied because this order addresses all such motions.

## IV.  REQUESTS FOR COUNSEL

Finally, Mr. Wilson also includes renewed requests for appointment of counsel.

On February 23, 2012, the Court entered an order [Docket No. 55] denying a motion for

appointment of counsel [Docket No. 53] filed by Mr. Wilson on February 16, 2012.  Mr.

Wilson alleged in the motion for appointment of counsel that he is not versed in proper

procedures and protocol, his claims are complex and have merit, he may require the

assistance of counsel to articulate his claims because of his disabilities, he is attacking

the heart of the state's judicial system, and Respondents have an unfair advantage in

litigating this action due to their greater resources.  The Court determined that counsel

was not necessary or appropriate at that time.  The Court specifically noted that,

although Mr. Wilson's assertion that he may require assistance of counsel to articulate

his claims because of his disabilities was concerning, he did not specify in the motion

what his disabilities are and he failed to explain how those disabilities would inhibit his

ability to articulate his claims.

In various filings after the motion for appointment of counsel was denied, Mr.
Wilson makes additional allegations regarding his disabilities and renews his request for
counsel.  He alleges in the motion to reconsider that he has suffered two seizures and
that his anxiety and stress are extremely high.  *See* Docket No. 57 at 13.  He alleges in
the first motion requesting a ruling on the pending motions that prison medical
authorities have discontinued providing him Klonopin, an anti-seizure/anxiety
medication he has been taking for ten years, that this is causing him prejudice due to
his "extremely poor cognitive skills," and that it was cruel and sadistic to discontinue the
medication all at once.  *See* Docket No. 61 at 2.  Mr. Wilson makes similar allegations
regarding his medication in a motion for extension of time [Docket No. 66] he filed on
May 10, 2012.  Most recently, Mr. Wilson alleges in his Traverse [Docket No. 68] filed
on June 8, 2012, that the medication Klonopin was discontinued without notice for a
third time in three months and that he is "back in a narcotic withdrawl [sic] state of mind
with limited cognative [sic] skills, thought disorder, migraine headache with both sleep
and dietary disorders."  Docket No. 68 at 11.

As noted above, the Court entered an order denying Mr. Wilson's motion for
appointment of counsel on February 23, 2012.  The Court explained to Mr. Wilson that
"[t]here is no constitutional right to counsel beyond the direct appeal of a criminal
conviction," *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), and that
decisions regarding appointment of counsel in habeas corpus proceedings generally
are "left to the court's discretion," *Swazo v. Wyo. Dep't of Corr. State Penitentiary
Warden*, 23 F.3d 332, 333 (10th Cir. 1994).  The Court also noted that "there is a right
to counsel in a habeas case when the district court determines that an evidentiary

7

hearing is required." *Id.*  Because the Court had made no determination regarding whether an evidentiary hearing is warranted in this action, the Court exercised its discretion and denied the motion for appointment of counsel.

At this point in time, Respondents have filed an Answer [Docket No. 65], Mr. Wilson has filed a Traverse [Docket No. 68], and the state court record has been submitted to the Court.  However, the Court still has made no determination whether an evidentiary hearing is warranted.  Therefore, the decision to appoint counsel remains discretionary.

The Court is not persuaded that appointment of counsel is necessary.  Although Mr. Wilson has raised issues regarding his medications, Mr. Wilson has proven capable of filing various motions and a Traverse that is responsive to the arguments raised by Respondents in their Answer.  Furthermore, the Court will continue to construe Mr. Wilson's filings liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the renewed requests for appointment of counsel will be denied. Accordingly, it is

ORDERED that Applicant's motion to reconsider [Docket No. 57] is DENIED.  It is further

ORDERED that Applicant's motion for a complete certified copy of the prosecution's file in his criminal case [Docket No. 59] is DENIED.  It is further

ORDERED that the motions to rule on all pending motions [Docket Nos. 61 and 64] are DENIED.  It is further

ORDERED that Applicant's renewed requests for appointment of counsel, which he includes within various filings, are DENIED.

DATED June 28, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge