IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01795-PAB

DOUGLAS WILSON,

    Applicant,

v.

SUSAN JONES, CSP Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

**ORDER**

---

    This matter is before the Court on the motion for a stay [Docket No. 58] filed *pro se* by Applicant Douglas Wilson.  Mr. Wilson seeks a stay of these proceedings pending resolution by the Colorado Supreme Court of a petition for writ of certiorari.  Mr. Wilson also has filed a second motion for a stay [Docket No. 63] raising the same arguments.  Respondents have filed a response [Docket No. 71] to these motions for a stay arguing that the request for a stay should be denied.  As his reply, Mr. Wilson filed a third motion for a stay [Docket No. 73].  The Court must construe the motions liberally because Mr. Wilson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will stay these proceedings.

    The instant action is a habeas corpus action pursuant to 28 U.S.C. § 2254.  Mr. Wilson is challenging the validity of his conviction in the District Court for El Paso County, Colorado, case number 01CR3593.  On September 14, 2011, Respondents

were ordered to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness and exhaustion of state court remedies if Respondents intend to raise either or both of those affirmative defenses in this action. On October 14, 2011, Respondents filed a Pre-Answer Response [Docket No. 24] arguing that a number of Mr. Wilson's claims are unexhausted and procedurally barred. On November 8, 2011, Mr. Wilson filed a reply [Docket No. 34] to the Pre-Answer Response. On February 13, 2012, the Court entered an Order to Dismiss in Part that dismissed a number of Mr. Wilson's claims as unexhausted and procedurally barred.

Following the Court's February 13 order, only four claims remain in this action. In one of the remaining claims, claim 6 in the amended application, Mr. Wilson contends that his rights to due process, a fair trial, and counsel were violated because, even if he was competent to stand trial under the standards set forth in *Dusky v. United States*, 362 U.S. 402 (1960), he was not competent to waive counsel and represent himself at trial under the standards set forth in *Indiana v. Edwards*, 554 U.S. 164 (2008). Although Respondents did not raise the affirmative defense of exhaustion of state remedies in their Pre-Answer Response with respect to claim 6, that claim is the subject of a petition for writ of certiorari filed by counsel for Mr. Wilson in the Colorado Supreme Court on or about January 18, 2012. (*See* Docket No. 65-1.) The petition for writ of certiorari apparently remains pending in the state court.

Respondents argue in their response to the motions for a stay that they now wish to challenge claim 6 on exhaustion grounds and they also argue that, regardless of whether claim 6 is exhausted, a stay of these proceedings is not warranted because claim six is plainly meritless.

It now appears to the Court that Mr. Wilson has not exhausted state remedies with respect to claim 6. As a result, the Court's resolution of the request for a stay is governed by the Supreme Court's decision in *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the Supreme Court held that a district court has discretion to stay a mixed petition while the petitioner returns to state court to exhaust his unexhausted claims. *Rhines*, 544 U.S. at 277. However, "stay and abeyance should be available only in limited circumstances." *Id.* Pursuant to *Rhines*, Mr. Wilson's request to stay this action may be granted only if: (1) he has good cause for his failure to exhaust his claims first in state court; (2) the unexhausted claims potentially are meritorious; and (3) there is no indication that he has engaged in intentionally dilatory litigation tactics. *Id.* at 278. Furthermore, even if Mr. Wilson can demonstrate good cause, "the district court would abuse its discretion if it were to grant a stay when his unexhausted claims are plainly meritless." *Id.* at 277.

It appears that Mr. Wilson can demonstrate good cause for his failure to exhaust state remedies prior to filing the instant action and there is no indication that he has engaged in intentionally dilatory litigation tactics. As Respondents concede, they did not argue in their Pre-Answer Response that claim 6 was not exhausted, in part because Mr. Wilson had not filed the petition for writ of certiorari that now is pending in the Colorado Supreme Court and it was not clear what claims, if any, would be raised in the Colorado Supreme Court. Furthermore, the petition for writ of certiorari pending in the Colorado Supreme Court was filed by counsel for Mr. Wilson even though Mr. Wilson sought to have counsel's representation terminated so that he could represent

himself *pro se*. (*See* Docket No. 24-16.) In fact, Mr. Wilson filed a *pro se* petition for writ of certiorari that was stricken by the Colorado Supreme Court on September 15, 2011. (*See id.*) Finally, although Respondents argue that claim 6 in the amended application can be dismissed on the merits, the Court is not persuaded at this time that claim 6 is plainly meritless. In addition, because the petition for writ of certiorari has been filed and is pending in the Colorado Supreme Court, "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Id.* at 273. Therefore, the Court finds that it is appropriate to stay this action until the pending state court postconviction proceedings are concluded. Accordingly, it is

ORDERED that Applicant's motion for a stay [Docket No. 58] is GRANTED and this action is STAYED until the pending state court postconviction proceedings are concluded. It is further

ORDERED that Applicant's successive motions for a stay [Docket Nos. 63 and 73] are DENIED as moot. It is further

ORDERED that, beginning on or before October 1, 2012, Applicant shall file a status report each month during the stay of this action describing the status of his state-court proceedings. If necessary, Respondents may file and serve a response to any such status report within fourteen days after the status report is filed.

DATED August 31, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge