IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01795-PAB

DOUGLAS WILSON,

    Applicant,

v.

SUSAN JONES, CSP Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER

This matter is before the Court on the following motions filed *pro se* by Applicant Douglas Wilson: a motion to amend [Docket No. 102] filed June 25, 2015; a motion to lift stay and reinstate proceedings [Docket No. 103] filed June 25, 2015; a second motion to amend [Docket No. 104] filed August 24, 2015; a second motion to lift stay and reinstate proceedings [Docket No. 106] filed August 24, 2015; and a third motion to amend [Docket No. 105] filed September 14, 2015.

The operative pleading in this action is the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 14] filed September 12, 2011. On February 13, 2012, the Court entered an Order to Dismiss in Part [Docket No. 52] that dismissed a number of Mr. Wilson's claims in the amended application as unexhausted and procedurally barred.  The only claims that remain to be addressed on the merits are the claims the Court identified in the partial dismissal order as claims 3(a), 5, 6, and 8(b). On August 31, 2012, the Court entered an Order [Docket No. 74] granting Mr. Wilson's

motion for a stay of this action pending state court postconviction proceedings are concluded. On September 29, 2014, the Court entered a Minute Order [Docket No. 100] administratively closing this action, subject to reopening for good cause.

Mr. Wilson's first motion to lift the stay and reinstate the action [Docket No. 103] will be denied as moot because the first motion is superseded by the second motion to lift the stay and reinstate the action [Docket No. 106]. Because Mr. Wilson indicates in the second motion that state court postconviction proceedings have concluded, Respondents will be directed to file a response to that motion.

Construed liberally, Mr. Wilson's three motions to amend [Docket Nos. 102, 104, and 105] seek leave to file a second amended application to assert four new claims for relief. The motions to amend will be denied without prejudice because the instant action remains administratively closed at this time. In addition, Mr. Wilson has not tendered a proposed second amended application with the motions to amend and the Court will not allow him to litigate his claims in piecemeal fashion. Finally, Mr. Wilson does not provide in the motions to amend a clear statement of the constitutional claims he intends to assert and the specific factual allegations that support those claims.

If the action is re-opened, Mr. Wilson may, if he chooses, seek leave to file a second amended application for a writ of habeas corpus. However, leave to file a second amended application will not be granted unless Mr. Wilson also tenders to the Court a proposed second amended application that provides a clear statement of each and every constitutional claim he is asserting in this action along with the specific factual allegations that support each and every claim. Mr. Wilson is advised that he may not

reassert in a second amended application any claims the Court previously dismissed and he may not assert any claims for which he has not exhausted state remedies. Accordingly, it is

ORDERED that the motions to amend [Docket Nos. 102, 104, and 105] are denied without prejudice.   It is further

ORDERED that the first motion to lift stay and reinstate proceedings [Docket No. 103] is denied as moot.   It is further

ORDERED that Respondents shall file a response to the second motion to lift stay and reinstate proceedings [Docket No. 106] within 21 days from the date of this order.   It is further

ORDERED that Applicant may file a reply, if any, to the Respondents' response within 21 days after the response is filed.

DATED October 16, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge