IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01795-PAB

DOUGLAS WILSON,

    Applicant,

v.

SUSAN JONES, CSP Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER

    This matter is before the Court on the "Motion for Reconsideration of 23 November 2015 Order Stricking [sic] Petitioners Constitutional Violation Claims as Set Forth in Second Amended Application" [Docket No. 116] and the "First Impressions Motion in Request for Summary Judgment and Immediate Release From Illegal Restraint in Violation of Petitioners Constitutional Rights" [Docket No. 117] filed *pro se* by Applicant Douglas Wilson.  The Court must construe the motions liberally because Mr. Wilson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    The Court construes the motion to reconsider liberally as "an interlocutory motion invoking the [Court's] general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."  *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991).  Mr. Wilson asks the Court to reconsider the Court's Order [Docket No. 114] striking his second amended habeas corpus application [Docket No. 113] that was

filed on November 20, 2015. The Court ordered the second amended application stricken because Mr. Wilson had not sought or been granted leave to file a second amended application, he did not use the proper form for filing a second amended application as required by the District of Colorado local rules, and he did not provide a clear statement of the claims he sought to raise in the second amended application. Mr. Wilson asserts in the motion to reconsider that he does not have access to a computer to obtain the proper form from the Court's website and that he has provided a clear statement of his claims. He does not address his failure to seek permission to file a second amended application. Mr. Wilson also asks the Court to appoint counsel to represent him in this action.

Mr. Wilson may not file a second amended application without obtaining permission to do so. See Fed. R. Civ. P. 15(a)(2). In addition, the Court will not allow Mr. Wilson to litigate his claims in piecemeal fashion. The operative pleading in this action is the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 14] filed September 12, 2011. On February 13, 2012, the Court entered an Order to Dismiss in Part [Docket No. 52] that dismissed a number of Mr. Wilson's claims in the amended application as unexhausted and procedurally barred. The only claims that remain to be addressed on the merits are the claims the Court identified in the partial dismissal order as claims 3(a), 5, 6, and 8(b). The parties have filed briefs addressing the merits of those claims. Although Mr. Wilson makes no mention of these four remaining claims in the second amended application, it does not appear that he intends to abandon those claims. If Mr. Wilson wishes to seek leave to

file a second amended application, he must file a motion to amend and tender to the Court a proposed second amended application on or before January 22, 2016. The Court will not consider any motions to amend filed after that date.

Furthermore, because Mr. Wilson is not represented by an attorney, he must use the court-approved habeas corpus application form to file an amended pleading. *See* D.C.COLO.LCivR 5.1(c). "If the unrepresented party is a prisoner and is unable to access the [District of Colorado] website, on request the clerk shall provide copies of the necessary procedures, forms, and instructions." *Id.*

Mr. Wilson's request for appointment of counsel also will be denied. As the Court has explained to Mr. Wilson previously, "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction," *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), and decisions regarding appointment of counsel in habeas corpus proceedings generally are "left to the court's discretion." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). Although "there is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required," *id.*, the Court has not determined that an evidentiary hearing is warranted in this action.

The Court is not persuaded that appointment of counsel is necessary. Mr. Wilson has demonstrated an ability to present his arguments to the Court in a variety of motions and in his substantive briefs regarding the merits of his remaining claims. Furthermore, the Court will continue to construe Mr. Wilson's filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Finally, the "First Impressions Motion in Request for Summary Judgment and Immediate Release From Illegal Restraint in Violation of Petitioners Constitutional Rights" [Docket No. 117] will be denied because the motion is not relevant to Mr. Wilson's remaining claims in this action.   Accordingly, it is

**ORDERED** that the "Motion for Reconsideration of 23 November 2015 Order Stricking [sic] Petitioners Constitutional Violation Claims as Set Forth in Second Amended Application" [Docket No. 116] and the "First Impressions Motion in Request for Summary Judgment and Immediate Release From Illegal Restraint in Violation of Petitioners Constitutional Rights" [Docket No. 117] are DENIED.   It is further

**ORDERED** that the Court will not consider any motions to amend filed after January 22, 2016.

DATED December 9, 2015.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge